UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION



| | | |
|---|---|---|
| ANTONIUS HEIJNEN,<br>Institutional ID No. 21755-051,<br><br>Plaintiff,<br><br>v.<br><br>GUADALUPE VILLAREAL, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO.<br>6:12-CV-00036-BL<br>ECF<br><br><br>Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonius Heijnen, proceeding *pro se* and *in forma pauperis*, has filed a civil rights action pursuant to 42 U.S.C. §§ 1983, 1985. Heijnen was confined at all times relevant to the claims in his complaint at the Eden Detention Center in Eden, Texas.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, (Doc. 1), against Defendants Guadalupe Villareal, Phillip Valdez, and Corrections Corporation of America, as developed by his testimony at his evidentiary hearing, (Doc. 16), Heijnen claims that although Defendants Villareal and Valdez have turned a blind eye to businesses operated at the Eden Detention Center by Hispanic inmates, they have chosen to prohibit Heijnen from operating a legal services business due to his non-Hispanic white ethnicity. He claims that this is a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. (Doc. 1 at ¶ 39). He further claims that his Fourth Amendment rights were violated by the seizure from him of his clients' legal papers, and that his Fifth Amendment right to Due Process was violated when he was placed in the Segregated Housing Unit (SHU) at the Eden Detention Center. *Id.*

In his affidavit, Heijnen describes a conversation he had with Defendant Villareal in which Villareal told Heijnen that his legal services business should stop because Heijnen's safety might be endangered if one of his inmate clients were to consider Heijnen's work unsatisfactory and seek to harm him. (Doc. 7 at ¶ 6). In Villareal's Administrative Detention Order of May 3, 2012, it is stated that Heijnen is being subjected to administrative detention "pending investigation of a violation of Bureau [of Prisons] Regulations," and that pending said "SIS investigation," it is Villareal's "decision, based on all circumstances, that [Heijnen's] continued presence in The General Population poses a serious threat to Life, Property, Self, Staff, Other Inmates, or the Security of the Orderly Running of the Institution[.]" (Exhibit A, Doc. 1 at 17). Heijnen was advised on May 7, 2012 that he was "placed in SHU, pending investigation for operating a business. (Legal work.). This is not authorized by the facility." (Exhibit B, Doc. 1 at 18; *see also* Doc. 7 at ¶ 3). Heijnen does not dispute that he operated a legal services business for profit. (*See* Complaint at ¶ 12, Affidavit at ¶¶ 1, 5).

Heijnen filed the instant action on May 11, 2012. (Complaint, Doc. 1). He is seeking injunctive relief, attorney's fees, and an award of punitive and nominal damages. He has consented to proceed before the U.S. magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 6). This court ordered, (Doc. 14), an evidentiary hearing in this case, at which Heijnen appeared and testified on his own behalf on October, 3, 2012. (Doc. 16). He submitted to this court a Demand for Trial by Jury on October 9, 2012. (Doc. 17.)

Despite Heijnen's consent to trial before the U.S. magistrate judge, this court erroneously entered a Report and Recommendation (rather than a judgment) in this case on January 28, 2013. (Doc. 18). On February 6, 2013, Heijnen filed a Motion to Strike Magistrate's Report, (Doc. 20), a Motion for Disclosure, (Doc. 21), a Motion for Recusal, (Doc. 22), and an Objection to Findings and Recommendations, (Doc. 23). On February 14, 2013, this court entered an order partially granting

his Motion to Strike and his Objection insofar as the erroneously entered Report and Recommendation was thereby withdrawn. (Doc. 24). On February 28, 2013, this court denied, (Doc. 25), his motions for recusal and for disclosure. (Docs. 21, 22). The only pending matter before this court is his complaint. (Doc. 1).

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States,* 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the Plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing). Here, an evidentiary hearing has been used to assist the court. (Docs. 14, 16).

Whether a complaint should be dismissed pursuant to §§ 1915-1915A for failure to state a claim on which relief may be granted is assessed with the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir.1998). That standard is as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief....
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citation omitted).

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

### 1. Fourteenth Amendment Equal Protection Claim

Heijnen claims that Eden Detention Center officials selectively enforced prison regulations against him due to racial animus. However, conclusory allegations and legal conclusions are insufficient to state a cognizable claim under the Civil Rights Act when directed by the Court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th

Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).

"[T]o state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir.1997) (citing *Washington v. Davis*, 426 U.S. 229, 238-42, (1976); *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir.1996)). "'Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'" *Id.* (quoting *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265 (1977)).

Here, Heijnen has not established racially discriminatory intent or purpose; he has merely asserted allegations based on his perception, which are insufficient to support an equal protection claim. Even if his allegations are taken as true pursuant to § 1915, he has failed to state a cognizable claim for relief. In his affidavit, he states that he "is the only one–to his knowledge–to go to SHU for conducting a business." (Doc. 7 at ¶ 14; *see also id.* at ¶ 9) His mere suspicion or belief that he has suffered some form of discrimination is insufficient to maintain this action. *See Whitley v. Hunt*, 158 F.3d 882, 888-89 (5th Cir. 1998) (affirming district court's dismissal of an inmate's complaint where the plaintiff's claim of racial discrimination lacked any factual support).

The facts pleaded by Heijnen in support of his Equal Protection claim do not present a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Further, his claims are conclusory; such claims "are not entitled to the assumption of truth."*Id.* at 679. Even granting such an assumption *arguendo*,

his Equal Protection claim does not "plausibly give rise to an entitlement to relief" because he is not entitled to flout prison policy by running a legal services business for profit.

### 2. *Fourth Amendment Illegal Seizure Claim*

Heijnen complains of being denied access to the legal papers of his inmate clients. (Doc. 1 at 8; Doc. 7 at ¶ 2). However, inmates have no constitutionally protected property interest in maintaining possession of the legal materials of other inmates. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (internal citation omitted) (noting that in order for an inmate to have a property interest, the inmate must have "a legitimate claim of entitlement to it."). Furthermore, when one prisoner helps another with legal work, the relevant constitutional protection accrues to the benefit of the prisoner in whose name the lawsuit is filed, not the inmate who assists in the preparation of that lawsuit. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (1997).

### 3. *Fifth Amendment Due Process Claim*

Clearly, Heijnen has no protected liberty or property interest in operating an illegal business, therefore his allegations are insufficient to support a due process claim. *See DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir.2009) ("The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest."). Prisoners generally enjoy a constitutional right of access to the courts, *Johnson*, 110 F.3d 299 at 310 (citing *Johnson v. Avery*, 393 U.S. 483, 483-85 (1969); *Ex parte Hull*, 312 U.S. 546, 547-49 (1941)), yet this right of access is not unlimited and encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson*, 110 F.3d at 310-11 (citing *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2182 (1996)). An inmate has no constitutional right to provide legal assistance to other inmates. *See Shaw v. Murphy*, 532 U.S. 223, 228 (2001).

With regard to Heijnen's confinement in the SHU, the court notes that the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which adversely affects prisoners. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has neither a protected property nor liberty interest in his custodial classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted).

Imprisonment "necessarily entails a loss of manifold rights and liberties . . . ." *Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992). The Constitution sometimes permits more restrictions to be imposed on those rights for prisoners than would be allowed for persons who are not imprisoned. *See, e.g., Turner v. Safley*, 482 U.S. 78, 84-85. A prisoner is not always "free to do that which he might wish to do, nor may he do allowable things at a time and in a manner he might prefer." *Muhammad*, 966 F.2d at 902. In determining prison rules and regulations that may impinge on prisoners' constitutional rights, courts owe "substantial deference to the professional judgment of prison administrators". *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). A prisoner's constitutional rights may be circumscribed by prison rules when legitimate penological objectives, such as institutional order and security, outweigh the concerns associated with the preservation of the inmate's rights. *See Thornburgh v. Abbott*, 490 U.S. 401, 404, 419 (1989); *Turner*, 482 U.S. at 89. ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). "[G]reat deference" will be accorded the judgment of prison administrators regarding jail security. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

Several factors are relevant in determining whether a prison regulation infringes on an inmate's constitutional rights: (1) is there a valid, rational correlation between the prison regulation and the legitimate governmental interest advanced; (2) are there alternative means of exercising the rights that remain available to the inmates; (3) what is the impact of an accommodation in favor of the inmate on prison staff, other inmates, and the allocation of prison resources generally; and (4) are ready alternatives available for furthering the governmental interest. *Beard v. Banks,* 548 U.S. 521, 529 (2006).

The Eden Detention Center's official prohibition of inmates' legal services businesses, and its application to Heijnen here, appears to involve: (1) a legitimate penological interest in protecting Heijnen's safety, (2) no abrogation of Heijnen's rights (because there is no constitutionally protected interest in writ-writing for other inmates), (3) a freeing up of prison staff who might otherwise have to guard Heijnen from disgruntled clients for his own safety, and (4) the absence of any ready alternatives for ensuring that violence does not ensue if one of Heijnen's clients becomes dissatisfied with Heijnen's work. *See Beard,* 548 U.S. at 529. In the light of what appear to be legitimate penological concerns, deference is owed to Defendants' professional judgment. *See Overton,* 539 U.S. at 132; *Thornburgh,* 490 U.S. at 404, 419; *Turner,* 482 U.S. at 89; *Oliver,* 276 F.3d at 745.

### III. CONCLUSION

Having carefully considered Plaintiff's factual allegations in his complaint and at his evidentiary hearing, and his claims therein, the court finds that Plaintiff has failed to state cognizable constitutional claims.

**IT IS, THEREFORE, ORDERED** that all of Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

DATED this 11th day of March, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**